Filed 1/8/21  In re Shields CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re REMON SHIELDS,<br><br>   on Habeas Corpus. | A157519<br><br>(Alameda County<br>Super. Ct. No. 132344B) |

This case is before us following a grant of review and transfer from the California Supreme Court.  We complied with the Court's order directing us to vacate our summary denial of Remon Shields' petition for writ of prohibition and/or mandate, construe the petition as a petition for writ of habeas corpus, and issue an order directing the Secretary of the Department of Corrections and Rehabilitation (the Department) to show cause why Shields is not entitled to a juvenile transfer hearing pursuant to Proposition 57, the "Public Safety and Rehabilitation Act" of 2016.  We now conditionally reverse the judgment and remand for the juvenile court to conduct a juvenile transfer hearing.

## BACKGROUND

In 1999 a jury convicted then 17-year-old Shields of first-degree murder and found true special circumstances and firearm use allegations.  Shields was sentenced to life in prison without the possibility of parole with a consecutive term for the firearm enhancement.  The judgment was affirmed

1

on appeal. (See *People v. Castille* (2003) 108 Cal.App.4th 469; *People v. Castille* (2005) 129 Cal.App.4th 863.) In 2016 the trial court reduced the sentence for the murder conviction to 25 years to life after Shields prevailed on a petition for writ of habeas corpus asserting his life sentence violated *Miller v. Alabama* (2012) 567 U.S. 460.

Shields appealed, seeking additional credits and a remand to allow him to move to strike the firearm enhancement. On November 8, 2016, while that appeal was pending, the electorate approved Proposition 57. Among other things, Proposition 57 eliminated the People's ability to directly file charges against minors in adult court. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303.) Instead, a juvenile court must first conduct a transfer hearing to determine whether the case should remain in juvenile court or should be transferred to adult court. (*Ibid.*) The juvenile court must consider various factors such as " 'the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.' " (*Id.* at p. 305.)

In 2018 this court reversed Shields' sentence and remanded the case to the trial court with instructions to exercise its discretion to decide whether to strike or dismiss the firearm enhancement in accordance with recent amendments to the Penal Code and recalculate Shields' presentence custody credits to award two additional days. (*People v. Shields* (Sept. 25, 2018, A148687) *4 [nonpub. opn.].)

On remand to the trial court, Shields asserted that Proposition 57 required that he be provided a juvenile transfer hearing. The trial court denied his motion, finding a juvenile transfer hearing was beyond the scope of our remand and that Proposition 57 did not apply to Shields' case.

2

Shields filed a petition for writ of prohibition and/or mandate in this court, which we summarily denied. As noted, the Supreme Court granted review and ordered this court to vacate our summary denial and direct the Department to show cause why Shields is not entitled to a juvenile transfer hearing in light of *In re Estrada* (1965) 63 Cal.2d 740 and *People v. Garcia* (2018) 30 Cal.App.5th 316.)

We have done so. For the reasons stated in *People v. Lopez* (2020) 56 Cal.App.5th 835, rev. filed Dec. 4, 2020, and *People v. Padilla* (2020) 50 Cal.App.5th 244, rev. granted Aug. 26, 2020, S263375, we now conclude the trial court erred when it found Proposition 57 did not require that Shields be provided a transfer hearing in juvenile court. Shields is entitled to that relief.

## DISPOSITION

The judgment is conditionally reversed. The case is remanded to the juvenile court with directions to conduct a hearing to determine if it would have transferred the case to adult criminal court had it originally been filed in juvenile court in accordance with current law. (See *People v. Lopez, supra,* 56 Cal.App.5th 835.) If the juvenile court determines it would not have transferred the case to criminal court under current law, it shall treat Shields' conviction as a juvenile adjudication and impose an appropriate disposition. If the juvenile court determines it would have transferred Shields to adult criminal court, it shall transfer the case to criminal court, which shall then reinstate Shields' sentence. (See *ibid*.)

3

                               _____

                               Siggins, P.J.

WE CONCUR:


_____

Fujisaki, J.


_____

Petrou, J.


*In re Remon Shields*, A157519

4